IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN DENNIS<br>139 5th Street<br>Renovo, PA 17764<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIRST QUALITY TISSUE, LLC<br>904 Woods Avenue<br>Lock Haven, PA 17745<br><br>　　　　Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Kevin Dennis ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant First Quality Tissue, LLC ("Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant the Americans with Disabilities Act ("ADA"), the Pennsylvania Human Relations Act ("PHRA"), and the Medical Marijuana Act ("MMA"). After being notified of that Plaintiff suffered from a Disability that required the use of medically prescribed marijuana to treat same, Defendant failed to engage in the interactive process with Plaintiff to accommodate his Disabilities. Thereafter, Defendant fired Plaintiff due to his Disabilities and/or because of his use of medically prescribed marijuana to treat his Disabilities. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative prerequisites to the filing of his ADA, PHRA, and MMA claims. Plaintiff has filed this action within 90 days of his receipt of a "Right to Sue" notice from the EEOC, and after the 1-year anniversary of his EEOC Charge being dual filed with the PHRC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a business entity that does business in Pennsylvania at the above captioned address.

10. At all times relevant herein, Defendant acted through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. On or about April 17, 2016, Pennsylvania enacted the "The Medical Marijuana Act" (hereinafter "the MMA").

13. The MMA, in relevant parts, prohibits employers from discriminating against employees on the basis of their use of medically prescribed marijuana.

14. On or about July 8, 2019, Defendant hired Plaintiff as a Warehouse Worker.

15. At all times relevant, Plaintiff suffered from facial neuropathy as well as anxiety and depression (hereinafter Plaintiff's "Disabilities").

16. In July 2020, Plaintiff's physician prescribed medical marijuana to Plaintiff to treat his Disabilities.

17. Plaintiff's physician did not restrict his ability to work, despite his prescription.

18. Plaintiff utilized medical marijuana as needed to treat his disabilities thereafter.

19. At no time did Plaintiff's report to work under the influence of medical marijuana.

20. At no time did Plaintiff's use of medical marijuana affect his work performance.

21. In or around early September 2020, Defendant learned of Plaintiff's prescription for medical marijuana.

22. On or around September 14, 2020, Defendant demanded Plaintiff take a drug test.

23. Plaintiff complied, stating that he was certain it would return positive for marijuana, but reminding all present that his use of same was prescribed by his doctor to treat his Disabilities.

24. Later that day, the drug test administrator informed him that the drug test was complete and that his urine tested positive for marijuana.

25. Plaintiff then went to speak with HR Manager Reese regarding the outcome of the test.

26. At that moment, Manager Reese immediately instructed Plaintiff to turn in his badge and told him not to return to work until further notice.

27. Respondent did not engage in the interactive process with Plaintiff to determine whether the treatment of his Disabilities would affect his work performance and/or whether same could be accommodated.

28. Defendant fired Plaintiff due to his disability, and/or because he sought a reasonable accommodation for his disability, and/or because of his use of medically prescribed marijuana.

29. On or about October 12, 2020, Plaintiff timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act ("ADA").

30. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
### Violation of the ADA
### (Disability Discrimination)

31. The foregoing paragraphs are incorporated herein as if set forth in full.

32. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

33. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

34. Plaintiff's Medical Conditions each constitute a "Disability" within the meaning of the ADA.

35. Defendant fired Plaintiff because of his Disabilities.

36. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
## Violation of the ADA
## (Failure to Accommodate)

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Plaintiff requested a reasonable accommodation to be permitted to take his legally prescribed medical marijuana to treat his Disabilities.

39. Upon learning of Plaintiff's request for accommodation, Defendant was required to engage in the interactive process to determine whether the aforementioned accommodation could be granted without undue hardship and/or whether an alternative accommodation could have been granted to Plaintiff.

40. Instead of engaging in the interactive process, Defendant fired Plaintiff.

41. Defendant violated the ADA when it failed to engage in the interactive process with Plaintiff.

42. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
## Violation of the ADA
## (Retaliation)

43. The foregoing paragraphs are incorporated herein as if set forth in full.

44. Plaintiff requested a reasonable accommodation to be permitted to take his legally prescribed medical marijuana due to his Disabilities.

45. Requesting an accommodation for a Disability is a protected activity under the ADA.

46. Defendant fired Plaintiff because Plaintiff requested the aforementioned accommodation.

47. Defendant violated the ADA when it fired Plaintiff because he requested an accommodation for his Disabilities.

48. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT IV**
**Violation of the PHRA**
**(Disability Discrimination)**

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PRHA.

51. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

52. The PHRA prohibits employers, such as Defendant, from terminating an employee on the basis of a Disability.

53. Discrimination against an employee due to that employee's Disability constitutes disability discrimination under the PHRA.

54. Defendant violated Plaintiff's rights under the PHRA by firing Plaintiff because of his Disabilities.

55. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT V**
**Violation of the PHRA**
**(Failure to Accommodate)**

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Plaintiff requested a reasonable accommodation in that he requested to be permitted to take his legally prescribed medical marijuana due to his Disabilities.

58. Defendant could have granted Plaintiff the aforementioned accommodation without undue hardship but failed to do so.

59. Defendant violated the PHRA when it failed to provide reasonable accommodations for his Disabilities.

60. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**COUNT VI**
**Violation of the PRHA**
**(Retaliation)**

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. Plaintiff requested a reasonable accommodation for Plaintiff to be permitted to take his legally prescribed medical marijuana due to his Disabilities.

63. Requesting an accommodation for a disability is a protected activity under the PRHA.

64. Defendant fired Plaintiff because Plaintiff requested the aforementioned accommodation.

65. Defendant violated the PHRA when it fired Plaintiff because he requested an accommodation for his Disabilities.

66. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VII
## Violation of the MMA
### (Discrimination)

67. The foregoing paragraphs are incorporated herein as if set forth in full.

68. The MMA prohibits employers from discriminating against an employee on the basis of such employee's status as an individual who is certified to use medical marijuana.

69. Defendant terminated Plaintiff because of his status as an individual who is certified to use medical marijuana.

70. Defendant's actions violate the private right of action permitted under the MMA's discrimination provision.

71. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation, and/or need for protected medical leave;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.   Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

<u>s/Manali Arora</u>
Manali Arora, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417

Dated: September 27, 2021